CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 23, 2013

LETTER TO COUNSEL:

      RE: *John Howard Parker, Jr. v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-2964

Dear Counsel:

      On October 5, 2012, the Plaintiff, John Howard Parker, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Parker's reply, which does not provide any additional information or argument. [ECF Nos. 14, 18, 19]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Mr. Parker filed his claims for benefits on September 3, 2009, originally alleging disability beginning on November 1, 2005. (Tr. 123-30). He later amended his alleged onset date to March 24, 2007. (Tr. 21). His claim was denied initially on March 30, 2010, and on reconsideration on August 12, 2010. (Tr. 66-70, 72-75). A hearing was held before an Administrative Law Judge ("ALJ") on March 31, 2011. (Tr. 38-59). After the hearing, on June 1, 2011, the ALJ determined that Mr. Parker was not disabled during the relevant time frame. (Tr. 18-37). The Appeals Council denied Mr. Parker's request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

      The ALJ found that Mr. Parker suffered from the severe impairments of diabetes and gastroparesis . (Tr. 23). Despite these impairments, the ALJ determined that Mr. Parker retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) except limited to simple, routine, unskilled work, low stress, can attend to tasks and complete schedules, low memory 1-2 step, little or no decision making or changes in work setting, stand 30 minutes, sit 30 minutes on an alternate basis during an 8 hour day, avoiding heights, hazards, moving machinery, no prolonged balance, stoop, kneel,

(Tr. 28). After considering the testimony of a vocational examiner ("VE"), the ALJ determined that Mr. Parker could perform work existing in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 32-33).

Mr. Parker presents two primary arguments on appeal, that the ALJ: (1) erroneously considered Listing 5.06 (inflammatory bowel disease); and (2) erroneously determined his RFC by making a flawed adverse credibility assessment and by affording inadequate weight to his treating provider. Each argument lacks merit.

First, Mr. Parker contends that the ALJ did not provide sufficient analysis of Listing 5.06.[1] Pl. Mot. 14-22. The burden to establish a disabling impairment at Step Three, by demonstrating that a Listing has been met or equaled, rests with the claimant. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). Mr. Parker has not cited any evidence to suggest that he meets the criteria of that Listing. Although he cites his repeated hospitalizations, Pl. Mot. 18-19, hospitalization alone is not one of the criteria of the Listing. No "obstruction of stenotic areas" appears in Mr. Parker's records.

Apparently conceding that his symptoms do not precisely satisfy the Listing criteria, Mr.

---

[1] Listing 5.06 requires that the inflammatory bowel disease be "documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings," along with:

A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation . . . requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6-month period. OR
B. Two of the following despite continuing treatment as prescribed and occurring within the same consecutive 6-month period:
  1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or
  2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or
  3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
  4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
  5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or
  6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

20 CFR Part 404, Subpt. P, App. 1, § 5.06.

Parker further contends that his impairment "equals" the criteria of Listing 5.06. Pl. Mot. 21-22. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990) (emphasis in original); *see also* 20 C.F.R. § 404.1526. Medical equivalency can be established in three ways. If the claimant has an impairment that is described in the Listing, but (1) does not meet each criteria specified in the listing, or (2) exhibits all of the required findings, but lacks the required severity level for each finding, the claimant can show equivalency by proving other findings related to the impairment that are at least of equal medical significance to the listed criteria. *Id.* § 404.1526(b)(1). Next, if the claimant suffers from an impairment that is not described in a Listing, the claimant can prove equivalency by showing that the claimant's impairment is at least of equal medical significance to the criteria of a closely analogous listing. *Id.* § 404.1526(b)(2). Third, if the claimant has a combination of impairments which do not individually meet any listing, the claimant can establish equivalency by establishing findings of at least equal medical significance to the criteria contained in the most analogous listing. *Id.* § 404.1526(b)(3). Importantly, "[a] claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan,* 493 U.S. at 531. Equivalent evidence for each of the criteria must be established.

In this case, Mr. Parker focuses on arguing that his gastroparesis causes many of the same symptoms as irritable bowel disease. Pl. Mot. 20. Even accepting his contention that Listing 5.06 is potentially applicable because the two conditions result in similar symptoms, Mr. Parker simply has not established, and has not argued, that the symptoms he suffers are the equivalent of all of the criteria of Listing 5.06. The symptoms he cites, namely weight loss of ten to fifteen pounds, "rectal bleeding, abdominal pain, fatigue, nausea, vomiting, and abdominal tenderness," Pl. Mot. 20-21, do not correspond to the relevant Listing criteria. Because Mr. Parker has not established or suggested that the Listing criteria may have been met, and in light of the fact that two state agency medical consultants found no medical equivalence nor any indication in the record that he might meet a Listing, (Tr. 367-74, 409), there is no basis to disturb the ALJ's conclusion.

Mr. Parker's second primary argument is that the ALJ erred in determining his RFC. Specifically, Mr. Parker contends that the ALJ lacked evidence to support his capacity to lift, carry, stand, and sit for the periods of time required for light or sedentary work. Pl. Mot. 23-25. In fact, however, in support of his determination, the ALJ cited to Mr. Parker's activities of daily living, (Tr. 29); the lack of any medical treatment records suggesting any difficulties with physical activity, (Tr. 30); and the report from Dr. James W. Isaacs, which showed a normal physical consultative examination with no limitations other than mild neuropathy in the right foot; *id.* Further, the ALJ considered Dr. Najar's physical RFC recommendation, which indicated that Mr. Parker was capable of lifting fifty pounds occasionally, twenty-five pounds frequently, and standing and/or walking or sitting for six hours in an eight-hour work day. (Tr. 368). While the ALJ found Mr. Parker more limited than Dr. Najar, his findings refute Mr.

Parker's argument that there is no evidence he is capable of even sedentary work. The ALJ is supposed to consider the entire record, and need not parrot a single medical opinion in determining a claimant's RFC. The sources cited by the ALJ provide substantial evidence to support the determination regarding Mr. Parker's physical capacity.

Mr. Parker next argues that the ALJ erred in making an adverse credibility finding with respect to his complaints of pain. Pl. Mot. 25-28. The ALJ appropriately considered Mr. Parker's repeated non-compliance with his diabetes treatment regimen in finding his allegations of disabling gastroparesis not credible. *See, e.g., Bettis v. Astrue,* No. SKG-12-826, 2013 WL 1209408, at *11-12 (D. Md. Mar. 22, 2013) (citing SSR 96-7p, 1996 WL 374186, and *Myers v. Comm'r of Soc. Sec. Admin.,* 456 F. App'x 230, 232 (4th Cir. 2011)). The ALJ specifically noted, "His episodes appear clustered, and generally precipitated by his noncompliance with his diabetes medication . . . In terms of the claimant's alleged inability to work due to his frequent episodes of diabetes and gastroparesis, it would appear that if he took a responsible approach to managing his diabetes, it is reasonable to expect improvement related to the gastroparesis and frequency of the episodes." (Tr. 29). The medical record is rife with notations, at the time of gastroparesis-related hospitalizations, of non-compliance or uncontrolled diabetes. *See, e.g.,* (Tr. 450-53, 457-58, 461-64, 467, 474). In light of that evidence, the ALJ's reliance on non-compliance to support an adverse credibility assessment was reasonable.

Finally, Mr. Parker argues that the ALJ assigned insufficient weight to the opinion of his treating provider, Candy Burns, C.R.N.P. Pl. Mot. 28-30. A C.R.N.P. is not a physician, and the opinion is therefore not entitled to controlling weight. *See Richardson v. Astrue,* No. SKG–10–614, 2011 WL 3880406, at *8 (D. Md. Aug. 31, 2011) (determining that nurse practitioners are not acceptable medical sources for purposes of treatment as a treating physician). Even had Ms. Burns been a physician, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). As the ALJ noted, and as discussed above, Ms. Burns's own treatment records suggest that Mr. Parker's complaints of pain and episodes of gastroparesis coincide with his non-compliance with his medication for diabetes management. *See, e.g.,* (Tr. 30). The ALJ further noted that Ms. Burns's opinions, which are set forth on "check-the-box forms" with almost no narrative component other than a recitation of diagnoses, lack support in the medical treatment records. (Tr. 30, 442-48). The ALJ mentioned that Ms. Burns's opinion regarding Mr. Parker's functional capacity disregards her repeated notes evidencing his non-compliance with his treatment regimen. *See, e.g.,* (Tr. 30, 429, 433, 435-37). Finally, the ALJ cites the inconsistency between Ms. Burns's opinion and the findings of the consultative examiner, Dr. Isaacs. (Tr. 30). In light of the substantial evidence cited by the ALJ, the assignment of "little weight" to Ms. Burns's opinion does not merit remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 14] will be DENIED and the Commissioner's motion for summary judgment [ECF No. 18] will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge